■ LILLIAN E. KLEIN, Appellant, v. WILLIAM KLEIN, Respondent.— Order is affirmed on the law, on the facts, and in the exercise of discretion, without costs. The parties were married in 1913. They separated in 1925, were divorced in 1940 and thereafter in 1941, the defendant remarried. The defendant has paid alimony at the rate of $40 per month, has never defaulted in any such payments, and the sum, so fixed and regularly paid, appears to have been adequate under the circumstances of the parties and in keeping with the defendant's income at the time. Since the marital bonds were severed, the defendant, a civil service employee, by promotions and salary increments now earns $7,000 per year. He is 69 years old and asserts, without denial, that he will retire in the near future. When that occurs, his income will be reduced to about $3,600 per year. This application, made 18 years after the parties were divorced and more than 30 years after they separated, results from the

claim that the plaintiff can no longer partially support herself because of an injury she received. Every change in the wife's circumstances may not necessarily be made the marital responsibility of the husband, especially where the early prospect is that his income will be sharply reduced. Should the latter event not arise as contemplated, a different situation may be presented. Concur — Botein, P. J., Breitel and M. M. Frank, JJ.; Rabin and McNally, JJ., dissent in the following memorandum: We dissent and vote to reverse the order denying plaintiff's motion to modify a judgment of divorce. On this record we are of the opinion that the change in the physical and economic circumstances of the parties since the entry of the decree herein on December 13, 1940, particularly the increase in income of the defendant from $2,600 per year to $7,000 per year, and the incapacity of the appellant to continue her usual gainful employment, warrants an increase in the amount of alimony provided in the decree from $40 to $60 per month. We do not on this application give effect to defendant's contemplated retirement and consequent claimed reduction of income. The order should be reversed on the law and on the facts, and in the exercise of discretion, and the motion granted to the extent of modifying the decree herein accordingly as of November 25, 1957, and awarding counsel fee to plaintiff in the sum of $100, without costs.